JAY T. KIMURA   #2497
Prosecuting Attorney

KEVIN S. HASHIZAKI  #6421
Deputy Prosecuting Attorney
County of Hawai`i
655 Kilauea Ave.
Hilo, Hawai`i   96720
Telephone (808) 961-0466
khashizaki@co.hawaii.hi.us

Attorneys for the State of Hawai`i

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STATE OF HAWAI`I,<br><br>    Plaintiff,<br><br>vs.<br><br>RUSSELL J. HAAS,<br><br>    Defendant.<br>_____ | CR. NO. 10-00327 BMK<br>(Report No. C10007030/PN,<br>District Court of the Third Circuit,<br>Puna Division, State of Hawai`i)<br><br>STATE OF HAWAI'I's MEMORANDUM<br>IN OPPOSITION TO DEFENDANT'S<br>MOTION TO DISMISS<br><br><br>Hearing Date:  Thursday, 07/22/2010<br>Hearing Time:  1:30 PM<br>Judge:  Honorable Kevin S. C. Chang |

**STATE OF HAWAI`I's MEMORANDUM IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

The STATE OF HAWAI`I, by and through Kevin S. Hashizaki, Deputy

Prosecuting Attorney, County and State of Hawai`i, hereby submits the

1

instant memorandum in opposition to the above-named Defendant's, RUSSELL J. HAAS, motion to dismiss.  Assistant U.S. Attorney ("AUSA") Larry L. Butrick represents the Defendant.

**FACTUAL BACKGROUND**

This case arises from an incident on Wednesday, March 10, 2010. At approximately 3:30 PM, the Defendant entered the fenced residential property of Mr. Kenneth Ishii, located at 16-1010 #9 Rd., in Puna, County and State of Hawai`i.  Mr. Ishii was doing his laundry when he first saw the Defendant--already on the Ishii property.

Mr. Ishii advised the Defendant to exit the property, inasmuch as there were three loose dogs on the property.  The Defendant refused to exit the property and replied, "Come here and talk to me."  Mr. Ishii again told the Defendant to exit the property.  The Defendant refused and stated that he (Defendant) was from the Census Bureau and that Mr. Ishii had no right to tell him to exit the property, unless Mr. Ishii filled out a census form.

At that point, Mr. Ishii explained that he had dogs on the property and that's why he wanted the Defendant to leave.  In short, Mr. Ishii was concerned for the Defendant's safety and his own potential exposure to civil liability (in the event one of the dogs attacked the Defendant).

However, the Defendant again refused to leave the property and stated, "I'm not afraid of any dogs." Consequently, Mr. Ishii replied, "I'm gonna call the police."

After Mr. Ishii called for police, the Defendant finally exited the Ishii property. The Defendant waited outside the gated entrance. Hawai`i County Police Officers James Cameros and Charles responded to the Ishii property. Based on their investigation, the Defendant was arrested for second degree criminal trespass, in violation of Section 708-814(1)(a), Hawai`i Revised Statutes ("HRS").

**RELEVANT LAW**

Article I, Section 2 of the United States Constitution sets forth that the Congress shall carry out the census in such manner as they shall by law direct. "[An] enumeration shall be made within three years after the first meeting of the Congress of the United States, and within every subsequent term of ten years, in such manner as they shall by law direct." U.S. CONST. Art. I, Sec. 2.

Section 221, Title 13, of the United States Code provides that all citizens are required by law to respond to the US Census:

> Whoever, being over eighteen years of age, refuses or willfully neglects, when requested by the Secretary, or by any other authorized officer or employee of the

> Department of Commerce or bureau or agency thereof acting under the instructions of the Secretary or authorized officer, to answer, to the best of his knowledge, any of the questions on any schedule submitted to him in connection with any census or survey provided for by subchapters I, II, IV, and V of chapter 5 of this title, applying to himself or to the family to which he belongs or is related, or to the farm or farms of which he or his family is the occupant, shall be fined not more than $100.

13 U.S.C. Sec. 221(a).

In re Neagle, 135 U.S. 1 10 S.Ct 658, 34 L.Ed. 55 (1890), is the landmark case which addressed the issue of whether a federal agent or officer was subject to criminal prosecution by state officials. The Neagle Court articulated a two-part test in determining whether state criminal prosecution of a federal agent was appropriate. First, was the federal official doing an act authorized by federal law? And second, was the federal agent's act no more than what was necessary and proper to fulfill the duty under law?

In Clifton v. Cox, 549 F.2d 722 (9th Cir. 1977), the Ninth Circuit Court of Appeals dealt with this very issue and reasoned "What is necessary and proper is based not just on the subjective belief of the [federal] officer, but on whether the conduct was objectively reasonable under the circumstances." Id at 728. The Cox Court explained:

> Essential to this determination, assuming the truth of the state's evidence, is whether the official employs means which he cannot honestly consider reasonable in discharging his duties or otherwise acts out of malice or with some criminal intent.

Id.

Article I, Section 6, of the Hawai`i State Constitution reads, in relevant part, "The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest. . ." Haw. CONST., Art I, Sec. 6.  Furthermore, Article I, Section 7, states, in pertinent part, "**The right of the people to be secure in their** persons, **houses**, papers and effects **against** unreasonable searches, seizures and **invasions of privacy shall not be violated**. . ." Haw CONST., Art I, Sec. 7 (emphasis added).  These state constitutional provisions pertaining to privacy have been interpreted by Hawai`i appellate courts to afford greater protection than the companion federal constitutional provisions (eg., State v. Heapy, 113 Haw. 283, 151 P.3d 764 (Haw. 2007); State v. Dixon, 83 Haw. 13, 23, 924 P.2d 181, 191 (1996); State v. Navas, 81 Haw. 113, 123, 913 P.2d 39, 49, (1996);  Baehr v. Lewin, 74 Haw. 530, 852 P.2d 44, *recon. granted in part*, 74 Haw. 650, 875 P.2d 225 (1993); and State v. Mueller, 66 Haw. 616, 671 P2d 1351 (1983)).

> Section 708-814(1)(a) of the Hawai`i Revised Statutes states:
>
> A person commits the criminal offense of CT 2nd if the person knowingly enters or remains unlawfully in or upon premises that are enclosed in a manner designed to exclude intruders or are fenced.

<u>Id</u>.  Second degree criminal trespass is a petty misdemeanor.  Sec.708-814(2), HRS.

**STATE'S POSITION**

The State of Hawai`i does not dispute that the Defendant was employed by the United States Department of Commerce, Census Bureau, on March 10, 2010.  Furthermore, the State of Hawai`i does not dispute that the Defendant was working and on-duty as an enumerator during the March 10, 2010, incident, at the residence of Mr. Ishii.  However, the State of Hawai`i submits that the Defendant is not entitled to immunity from prosecution insofar as the Defendant's conduct on March 10, 2010, was neither necessary nor proper, when the Defendant unlawfully entered and remained on the property of Mr. Ishii.  In short, the Defendant acted outside the scope of his employment and violated the prescribed protocol as an enumerator with the Census Bureau.

First, the Defendant unlawfully entered the property of Mr. Ishii, on March 10, 2010.  Specifically, the driveway gate was closed.  A reasonable person standing outside the gated driveway would have concluded that

entry was prohibited. In addition to the closed driveway gate, the entire property was fenced (enclosed).

Second, after the Defendant illegally entered the residential property, the Defendant unlawfully remained on the property of Mr. Ishii. The Defendant refused to exit the property, despite being asked three times, at a minimum, to leave. Although it was not expressly communicated to the Defendant, Mr. Ishii was not refusing to speak to the Defendant. Rather, Mr. Ishii's main objective was to remove the Defendant from the property to prevent a possible dog attack and injury to the Defendant. During the entire encounter with the Defendant, but before the arrival of the police, Mr. Ishii never stated that he would not speak to or answer questions posed by the Defendant.

The Defendant acted unreasonably and did not follow the prescribed procedures for an Enumerator, as set forth in the U.S. Census Bureau-Enumerator Manual. The conduct of the Defendant was "unnecessary and improper." For example, Chapter 9, "Update/Leave Challenges", of the <u>United States Census 2010 Enumerator Manual</u> addresses challenging situations:

> **When you cannot obtain required information from a person at the address, attempt to get the information from a neighbor or other knowledgeable person**.

> When you interview a neighbor, property owner, superintendent, or any other knowledgeable person, use the standard introduction provided in chapter 4. . .
>
> **When a respondent refuses to be interviewed, you must try your best to persuade them to answer your questions.  Try to put the respondent at ease by answering any questions they may have and ensure each respondent that all information is handled with confidentiality**. . .
>
> **Remember to be polite and to use common courtesy, even when the Respondent is refusing to talk to you**. . .
>
> If the respondent still refuses to be interviewed, attempt to get the information from a neighbor or other knowledgeable person, or by observation. If you are still unable to get the information needed, report the situation on a D-225, INFO-COMM, and discuss the situation with your Crew Leader at your next meeting. . .
>
> Even though the respondent refuses to talk with you, you are still required to leave a questionnaire, if the structure is a housing unit.
>
> If the respondent objects to you leaving the questionnaire, explain that you are required to leave one at every residence.  If the respondent refuses to accept it, leave the questionnaire on a doorknob or step and walk away. . .

Id. at 9-1 and 9-2 (emphasis added).  The Defendant's act of unlawfully entering and unlawfully remaining on Mr. Ishii's gated and fenced property was neither necessary nor proper.  More importantly, the conduct of the Defendant was not objectively reasonable, under the circumstances.

8

**CONCLUSION**

Based on the foregoing legal authority, analysis, and record, this Honorable Court should DENY the Defendant's motion to dismiss.

DATED:   Hilo, Hawai`i, July 7, 2010.

/S/ Kevin H. Hashizaki
KEVIN H. HASHIZAKI
Deputy Prosecuting Attorney